**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4667**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BEAU THOMAS SHORES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:24-cr-00026-GMG-RWT-1)

Submitted: January 22, 2026                    Decided: February 6, 2026

Before WILKINSON, QUATTLEBAUM, and BERNER, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Shaina L. Richardson, Morgantown, West Virginia, Christopher G. Robinson, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellant. Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Beau Thomas Shores pled guilty, pursuant to a written plea agreement, to receipt of child sexual abuse material,[1] in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).  The district court imposed a sentence of 240 months' imprisonment and 30 years' supervised release, as well as ordering Shores to pay a $100 special assessment, $10,000 in mandatory assessments applicable to offenses involving child sexual abuse material, and $64,500 in restitution.  Shores's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no nonfrivolous grounds for appeal but suggesting that counsel who represented Shores in the district court provided ineffective assistance. Counsel also observes that Shores validly waived his appellate rights but, in the alternative, questions whether the district court properly applied the obstruction of justice sentencing adjustment should we deem the waiver unenforceable.  Although notified of his right to do so, Shores has not filed a pro se supplemental brief.  The Government moves to dismiss Shores's appeal as barred by the appeal waiver in his plea agreement.  We affirm in part and dismiss in part.

Shores's counsel questions the validity of Shores's guilty plea and appeal waiver. The appeal waiver in the plea agreement does not preclude our review of the validity of Shores's guilty plea or his waiver of appellate rights.  *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023).  Because Shores did not move to withdraw his plea or object

---

[1] We use the term "'child sexual abuse material' to reflect more accurately the abusive and exploitative nature of child pornography." *United States v. Kuehner*, 126 F.4th 319, 322 n.1 (4th Cir.), *cert. denied*, 145 S. Ct. 2762 (2025).

to the plea hearing in the district court, our review is for plain error. *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025).

When accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the possible consequences of pleading guilty. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises extrinsic to the plea agreement and that a factual basis exists for the plea. Fed. R. Crim. P. 11(b)(2), (3). "A properly conducted [Fed. R. Crim. P.] 11 colloquy raises a strong presumption that the plea is final and binding." *Taylor-Sanders*, 88 F.4th at 522 (citation modified).

Here, the magistrate judge[2] fully complied with Rule 11 and conducted a thorough plea colloquy before accepting Shores's guilty plea. The transcript of the Rule 11 hearing establishes that Shores was competent and that his plea was knowing, voluntary, and supported by an independent factual basis. Shores's guilty plea is therefore valid.

Next, we review an appeal waiver de novo to determine its enforceability. *United States v. Smith*, 134 F.4th 248, 255-57 (4th Cir. 2025). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Id.* at 257 (citation modified); *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (requiring evaluation of "the totality of the circumstances" (citation modified)). "Generally . . . , if a district

---

[2] Shores consented to proceed before a magistrate judge.

3

court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid [and enforceable]." *McCoy*, 895 F.3d at 362 (citation modified). "When[, as here,] the Government invokes an appeal waiver, we enforce it if it is valid and if the issue being appealed falls within the scope of the waiver." *Smith*, 134 F.4th at 257 (citation modified).

Upon review of the record and considering the totality of the circumstances, we conclude that Shores knowingly and voluntarily waived his appellate rights. And Shores's challenge to the district court's application of the obstruction of justice adjustment falls squarely within the scope of Shores's valid appeal waiver.

Although Shores's challenge to the sentencing adjustment falls within the valid waiver's scope, his claim of ineffective assistance of counsel does not. "But claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance." *United States v. Perry*, 92 F.4th 500, 517 (4th Cir.) (citation modified), *cert. denied*, 144 S. Ct. 2643 (2024); *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (providing standard). Otherwise, an ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion. *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (recognizing that "we typically review ineffective assistance of counsel claims on collateral review" to have the "benefit from a fully developed record").

*Anders* counsel alleges no specific instance of ineffective assistance by counsel who represented Shores in the district court. Our review of the record leads us to conclude that

4

ineffective assistance does not conclusively appear on the face of the present record. Thus, Shores's claim is not cognizable in this direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that are not barred by the appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to any issues that fall within the valid waiver's scope. We also deny the motion in part, decline to address Shores's ineffective assistance of counsel claim at this juncture, and affirm as to any issue not encompassed by the waiver. This court requires that counsel inform Shores, in writing, of the right to petition the Supreme Court of the United States for further review. If Shores requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shores.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*